UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY E. HERRERA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-1998 |
| v. | : | (JUDGE MANNION) |
| WARDEN, LACKAWANNA COUNTY PRISON, | : | |
| | : | |
| Defendant | | |

**MEMORANDUM**

**I.   BACKGROUND**

Plaintiff, Jeffrey E. Herrera, an inmate confined at the Lackawanna County Prison, Pennsylvania, commenced this action by filing a Motion for Preliminary Injunction. (Doc. 1). This motion, however, was unaccompanied by a complaint or filing fee/motion for leave to proceed *in forma pauperis*. Subsequent to the filing of his motion, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 5).

In his Motion for Preliminary Injunction, Plaintiff claims that he is being denied access to the courts by being denied "legal supplies that are meant to be given out to indigent inmates on a regular basis" and "has been forced to barter food trays for pens" and "steal stationary."  (Doc. 1). He "believes

this to be retaliatory action." Id. He "asserts that his right to petition and access to the courts are being infringed," and that "without supplies he will be unable to carry on as pro-se litigant." Id.

Plaintiffs request that his Court issue an order supplying Plaintiff "with legal supplies." Id.

For the reasons that follow, the court will deny the Motion for Preliminary Injunction and direct that Plaintiff file a complaint in the above captioned action if he chooses to purse the within claims.

## II.   LEGAL STANDARD

Motions for preliminary injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure[1] and are judged against exacting legal standards. To obtain a preliminary injunction or a temporary restraining order, a movant "must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not results in even greater harm to

---

[1] Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). In contrast, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" if certain conditions are met. Fed. R. Civ. P. 65(b)(1).

the non-moving party; and (4) the public interest favors such relief." Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). It is the movant's burden to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra Inc., 977 F.2d 86, 90 (3d Cir. 1992).

Preliminary injunctive relief is not granted as a matter of right. Kershner v. Mazurkiewicz, 670 F.2d 440,443 (3d Cir. 1982), see also Thomas v. Pennsylvania Dep't of Corr., 3:13-CV-2661, 2014 WL 3955105, at *1 (M.D. Pa. Aug. 13, 2014) ("An injunction is an 'extraordinary remedy' that is never awarded as of right."). Rather, the decision to grant or deny such relief is committed to the discretion of the district court. United States v. Price, 688 F.2d 204, 210 (3d Cir. 1982). Generally, preliminary injunctive relief is an extraordinary remedy that places precise burdens on the moving party, and "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). Further, where the requested preliminary injunctive relief "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnet v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory

injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982).

For a party to sustain his burden of proof that he is entitled to preliminary injunctive relief under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' " Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." Sutton v. Cerullo, 3:10-CV-1899, 2014 WL 3900235, at *5 (M.D. Pa. Aug. 8, 2014). To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." Stilp v. Contino, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009). "The mere risk of injury is not sufficient to meet this standard." Id.  And the burden of showing irreparable injury "is not an easy burden" to meet. Moore v. Mann, 3:13-CV-2771, 2014 WL 3893903, at *2 (M.D. Pa. Aug 7, 2014). In assessing a motion

for preliminary injunctive relief, the court must also consider the harm to the defendants and whether granting the preliminary injunction will be in the public interest. New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 388 (3d Cir. 2012).

### III.  DISCUSSION

Initially, the Court notes that Plaintiff did not file a complaint with his Motion for Preliminary Injunction and therefore not all the factors of the traditional four-factor test, which a party must satisfy in order to obtain preliminary injunctive relief, can be assessed. Nevertheless, based on the allegations in the motion itself, Plaintiff has not shown an immediate irreparable injury justifying the grant of such relief.

"Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." Messner v. Bunner, No. 07-112E, 2009 WL 1406986, at *4 (W.D. Pa. May 19, 2009). In this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for...." Acierno v. New Castle County, 40 F.3d 645,

653 (3d Cir. 1994) (citations omitted). Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted). Plaintiff, who has the burden of showing an imminent threat of irreparable injury, has failed to meet this precise burden with respect to his request for preliminary injunctive relief. The Court notes that Plaintiff has filed five civil actions since September, 2022.[2] He fails to set forth a *prima facie* claim of denial of access to courts in that he has failed to set forth allegations that (1) defendants impeded plaintiff's access to courts and (2) plaintiff suffered actual injury in his ability to access the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022).[3]

Moreover, granting the requested preliminary injunctive relief would "effectively have the federal courts making *ad hoc*, and individual, decisions concerning the treatment of a single prisoner, [which] could harm both the defendants' and the public's interest." Kelly v. Merrill, 2014 WL 7740025, at

---

[2] Civil Action Nos. 3:22-CV-1530, 22-CV-1946, 22-CV-1947, 22-CV-1992 and 22-CV-1998.

[3] When access to courts claims are based on underlying claims that plaintiffs have not yet filed, it must be alleged that the underlying claims are nonfrivolous and arguable and that defendants have frustrated plaintiff's ability to bring the claims. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (citing Lewis, 518 U.S. at 353 n.3).

\*9 (M.D. Pa. Dec. 11, 2014); see generally Jenkins v. Crayton, 2013 WL 3467191, at \*2 (W.D. Pa. July 10, 2013) ("The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinary difficult undertaking.' ") (quoting Wolff v. McDonnell, 418 U.S. 539, 566 (1974)). Accordingly, the balance of the hardship does not weigh in favor of granting Plaintiff's request for preliminary injunctive relief.

### IV    CONCLUSION

In sum, Plaintiff has not demonstrated that he suffers from an immediate irreparable harm, and, considering that granting him the requested relief may adversely affect the interest of the Defendant and the public, the Court will deny their Motion for Preliminary Injunctive Relief.  The Court, however, will provide Plaintiff an opportunity to file a complaint in the instant action. At that time, Plaintiff's motion for leave to *in forma pauperis* will be addressed, and Plaintiff's complaint will be screened prior to service. Failure to file a complaint in the instant action will result in the case being closed.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 18, 2023**
22-1998-01